UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23946-CIV-MOORE/SIMONTON

BRUCE HESSE, et al.,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD., etc.,

    Defendant.
_____/

## ORDER ON PENDING DISCOVERY MOTIONS

Presently pending before the Court are Plaintiffs' Motion to Shorten Time to Respond to Discovery (DE # 46) and Defendant's Motion for Protective Order (DE # 47). Plaintiffs have filed a Response to Defendant's Motion (DE # 49). The Honorable K. Michael Moore has referred this matter to the undersigned Magistrate Judge with respect to all discovery motions (DE # 6). For the reasons stated below, both motions are DENIED.

    I.    **BACKGROUND**

Plaintiffs Bruce Hesse, as father and natural guardian, and Julie Hesse, as mother and natural guardian, of Jane Doe, a minor child, have brought this action against Royal Caribbean Cruises, Ltd. ("Royal Caribbean") to recover damages for injuries allegedly suffered when Jane Doe was sexually assaulted by a crew member during a cruise on which Jane Doe and her parents were passengers. The Complaint alleges three causes of action: negligence (Count I); negligent hiring, retention, training and supervision (Count II); and strict liability for sexual assault and battery (Count III) (DE # 1).

In its Answer, Royal Caribbean denies liability, and asserts various Affirmative Defenses, including contributory negligence and comparative negligence; asserts that

the standard of care owed is that which is "reasonable under the circumstances;" and asserts that it had no prior notice that the crew member was dangerous (DE # 13).

The trial in this case is set for the calendar commencing June 20, 2011; and the discovery deadline is 70 days prior to that date, *i.e.*, April 11, 2011 (DE # 16). The Court has extended the deadlines for exchanging expert witness summaries and reports to April 20, 2011; with rebuttal expert reports to be exchanged by May 4, 2011 (DE # 32).

II.     PLAINTIFFS' MOTION TO SHORTEN TIME TO RESPOND TO DISCOVERY

On February 25, 2011, at a hearing held by the undersigned on earlier discovery motions filed in this case, the undersigned ordered that the deposition of Defendant's corporate representative be completed prior to March 15, 2011, and the parties have agreed that March 11, 2011, is a mutually convenient time (DE # 46 at 1; 47 at 2). Defendant had originally requested that this deposition take place later, suggesting March 22nd, 23rd, or 25th (DE # 40 at 4). In Plaintiffs' instant Motion, they additionally request that certain discovery be provided by Defendant prior to the deposition on March 11, 2011 (DE # 46 at 4). Plaintiffs argue that such discovery is relevant and necessary to Plaintiffs' execution of the deposition, and obtaining such discovery beforehand will decrease the necessity for related follow-up discovery (DE # 46 at 2-3). The requested discovery is otherwise due on March 21, 2011 (DE # 46 at 2).

Plaintiffs indicated in the earlier hearing described *supra* that the need for sufficient time post-deposition for follow-up discovery compelled an earlier deposition date of Defendant's corporate representative (DE # 40 at 4). Having argued as such and secured an earlier date, Plaintiffs cannot now be heard to also maintain that Defendant should expedite certain discovery in order to avoid the necessity for such follow-up discovery. The undersigned finds that a reasonable amount of time post-deposition has been afforded Plaintiffs for follow-up discovery. Moreover, the undersigned's earlier Order on Pending Discovery Motions established an expedited timeline for any follow-up

2

discovery in order for it to be efficiently and fairly conducted within the confines of the Court's Scheduling Order (DE # 40 at 5). Therefore, Defendant will not be required to expedite its responses prior to the noticed deposition of its corporate representative.

### III. DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiffs' Notice of Videotape Deposition of Corporate Representative for the deposition scheduled on March 11, 2011, lists under its "Designation of Matters on Which Examination is Requested" a set of fourteen items that are nearly identical to those listed in Plaintiffs' original Notice of Videotape Deposition of Corporate Representative, which Plaintiffs served on Defendant prior to the deposition originally noticed on February 25, 2011 (DE # 47 Ex. A; 35 Ex. A). Defendant raised its objections to this list of areas of inquiry at the hearing held before the undersigned on February 25, 2011. Specifically, Defendant argued that the areas of inquiry are overbroad since they include issues relating to negligence as well as strict liability, and Defendant argues that Plaintiff cannot maintain claims for negligence (DE # 40 at 3-4).

As the undersigned indicated at the hearing and in the related Order on Pending Discovery Motions, the issue of negligence is still in the case. Discovery has not been stayed on this issue, and the discovery deadline is fast approaching. Thus, inquiry into this issue is appropriate (DE # 40 at 4). To the extent Defendant seeks to be heard again on this issue or establish additional reasons for the over breadth or burden of the noticed deposition, such issues were not raised during the earlier hearing, and the undersigned will not entertain additional reasons *ad seriatim* on this matter. Accordingly, the undersigned will not limit the scope of the deposition of Defendant's corporate representative as noticed.

Therefore, based upon a review of the record as a whole, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Shorten Time to Respond to Discovery (DE # 46) is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Motion for Protective Order (DE # 47) is DENIED.

DONE AND ORDERED in chambers in Miami, Florida, on March 10, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore
    United States District Judge
All counsel of record